### SANBORN v. HELVERING, Com'r of Internal Revenue.

No. 11550.

Circuit Court of Appeals, Eighth Circuit.

Jan. 5, 1940.

Rehearing Denied Jan. 23, 1940.

Charles E. Whittaker, of Kansas City, Mo. (Henry N. Ess and Watson, Ess, Groner, Barnett & Whittaker, all of Kansas City, Mo., on the brief), for petitioner.

Harry Marselli, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This is a proceeding to review a decision of the Board of Tax Appeals (39 B.T.A. 721) sustaining the liability asserted against Marie Minor Sanborn, "as transferee and/or fiduciary", for a deficiency in income taxes of the estate of her father, William E. Minor, for the year 1929, which she contends is barred by the statute of limitations.

The facts are stipulated. William E. Minor, a resident of Kansas City, Missouri, died December 15, 1928. The petitioner and J. A. Minor were appointed executrix and executor of his estate January 2, 1929, by the Probate Court of Jackson County, Missouri. On March 4, 1930, the petitioner, as executrix, was granted an extension of time to May 15, 1930, within which to file the income tax return of the estate for 1929. On March 31, 1930, the petitioner, as executrix, and J. A. Minor, as executor, received their discharge from the Probate Court. On April 9, 1930, "Mrs. Marie M. Sanborn, Executrix, Estate of Dr W. E. Minor, Deceased," filed an income tax return of the estate for the year 1929. The return was verified on April 8, 1930, by the petitioner and J. A. Minor as "Executors". April 8, 1932, the Commissioner, by letter, proposed a deficiency in income taxes of the estate for 1929 of $34,543.16. On May 27, 1932, the petitioner and J. A. Minor, as "former executrix and executor" of the estate, filed with the Board a petition for redetermination of the proposed deficiency. In their petition they recited that they "were the executrix and executor of the Estate of Dr. William E. Minor, Deceased, under the will, until discharged upon the closing of the estate March 31, 1930." The petition was served upon the Commissioner the day it was filed. In his answer thereto, he admitted the discharge of the executors on March 31, 1930, as alleged in the petition. The proceeding before the Board was entitled, "Marie Minor Sanborn and J. A. Minor, former executrix and executor of the Estate of Dr. William E. Minor, Petitioners, v. Commissioner of Internal Revenue, Respondent." Thereafter the Board determined that the amount of the

deficiency in income taxes of the estate for the year 1929 was $22,295.50. On June 25, 1936, the petitioner and J. A. Minor, "as former executrix and executor" of the estate, filed a petition with this Court for a review of the decision of the Board. This Court affirmed. 8 Cir., 88 F.2d 134. A petition for certiorari was denied, 301 U.S. 700, 57 S.Ct. 930, 81 L.Ed. 1355, on May 24, 1937.

On July 17, 1936, the Commissioner assessed the amount of the deficiency as determined by the Board, together with interest, against the estate of William E. Minor. A warrant of distraint against the estate was issued on August 10, 1936, and was returned unsatisfied, with the statement that the estate had been distributed and there were no assets out of which the tax could be satisfied. The petitioner had received from the estate property worth approximately $500,000. On September 22, 1937, the Commissioner sent a notice to the petitioner proposing to assess against her, as a transferee of assets of the estate "and/or as fiduciary of the estate of William E. Minor, deceased," the tax which had been assessed against the estate, with interest. She appealed to the Board, asserting that her liability, as transferee and fiduciary, for the tax against the estate was barred by limitations. The Board ruled against her.

The applicable Revenue Act is that of 1928, c. 852, 45 Stat. 791. Section 275(a) of that Act, 26 U.S.C.A. § 275 note, provides: "The amount of income taxes imposed by this title shall be assessed within two years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period." Section 276(a), 26 U.S.C.A. § 276 (a) provides: "In the case of * * * a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." Section 276 (c) provides: "Where the assessment of any income tax imposed by this title [chapter] has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, * * *." Section 277, 26 U.S.C.A. § 277, provides: "The running of the statute of limitations provided in section 275 or 276 * * * shall (after the mail-

ing of a notice under section 272(a)) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Board, until the decision of the Board becomes final), and for sixty days thereafter." Section 272(h), 26 U.S.C.A. § 272(h), provides that the date on which a decision of the Board of Tax Appeals becomes final shall be determined according to the provisions of Section 1005 of the Revenue Act of 1926. Section 1005(a) (3) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 110, 26 U.S.C.A. § 640(a, b), provides that a decision of the Board becomes final upon denial of a petition for certiorari by the Supreme Court. Section 311 of the Revenue Act of 1928, 26 U.S.C.A. § 311, provides that the liability of an initial transferee shall be assessed not later than one year after the expiration of the period for assessment against the taxpayer; that the liability of a fiduciary shall be assessed not later than one year after it arises or not later than the expiration of the period for collection of the tax, whichever is later; and that if the taxpayer is deceased the period of limitation for assessment shall be the same as would be in effect had death not occurred.

Section 312(a) and (c) of the Revenue Act of 1928, 26 U.S.C.A. § 312(a, c), provides:

"(a) *Fiduciary of taxpayer.* Upon notice to the Commissioner that any person is acting in a fiduciary capacity such fiduciary shall assume the powers, rights, duties, and privileges of the taxpayer in respect of a tax imposed by this title [chapter] (except as otherwise specifically provided and except that the tax shall be collected from the estate of the taxpayer), until notice is given that the fiduciary capacity has terminated.

\* \* \* \* \* \*

"(c) *Manner of notice.* Notice under subsection (a) or (b) shall be given in accordance with regulations prescribed by the Commissioner with the approval of the Secretary [of the Treasury]."

Treasury Regulations 74, Art. 1241, provides that the notice of termination of fiduciary capacity referred to in Section 312 shall be a written notice signed by the fiduciary and filed with the Commissioner,

and that "when the fiduciary capacity has terminated, the fiduciary in order to be relieved of any further duty or liability as such, must file with the Commissioner written notice that the fiduciary capacity has terminated as to him, accompanied by satisfactory evidence of the termination of the fiduciary capacity."

The petitioner's argument is, in substance, as follows: That the executors on March 31, 1930, when they were discharged, became functi officio and were without capacity to represent the estate, but, because they had given to the Commissioner no notice of their discharge, they were, by virtue of Section 312(a), clothed with the power and duty to file an income tax return for the estate, which was done on April 9, 1930; that the filing of this return was therefore effective to start the statute of limitations running against the assessment and collection of the income tax owed by the estate; that the petition which the discharged executors filed with the Board on May 27, 1932, for a redetermination of the deficiency proposed by the Commissioner against the estate, did not suspend the running of the statute of limitations because it contained notice to the Commissioner of their discharge and he conceded their discharge in his answer; that, having notice of the termination of their fiduciary capacity, the Commissioner was not disabled by the proceeding with respect to the deficiency from assessing it against the estate and against transferees "and/or" fiduciaries, and the proceeding did not extend the time within which the assessment and collection of tax could be made; and that, the time having run from April 9, 1930, without interruption, the proposed assessment of the tax against the petitioner came too late.

It is to be noted that, while the petitioner invokes the aid of Section 312(a) in order to demonstrate that the executors had authority to file a return for the estate on April 9, 1930, she fails to give that statute full effect when she deals with the petition filed with the Board on May 27, 1932. It is certain that if Section 312(a) empowered the executors to file a return for the estate after their discharge, it also empowered them to initiate the proceeding with respect to the deficiency in income tax of the estate proposed by the Commissioner. Having been properly initiated, that proceeding, until finally terminated, suspended the running of the statute of

limitations. Since the executors never gave the notice required by Section 312(a) and (c) to divest themselves of the powers and duties of the taxpayer with respect to the tax, they were clothed with such powers and duties at all times during the pendency of the proceeding initiated by them before the Board and thereafter. The statute clearly provides for the continuation of the powers and duties of a fiduciary with respect to a tax until a specified notice is given. It does not provide that notice of termination of fiduciary capacity contained in a petition filed with the Board shall be deemed the equivalent of the statutory notice. It does not authorize the Commissioner to waive the statutory notice. His admission that a fiduciary has been discharged is not an admission that the statutory responsibility of that fiduciary with respect to a tax has been terminated.

We are satisfied that the proceeding before the Board initiated May 27, 1932, suspended the running of the statute and that the liability of the petitioner for the tax against the estate is not barred by limitations.

The order of the Board is affirmed.