JOHN M. EVERSOLE,[1] PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5226–64, 5227–64, 5235–64. Filed April 20, 1966.

---

[1] Proceedings of the following petitioners are consolidated herewith: Mrs. Ina G. Tapocik, docket No. 5227–64, and Mrs. Treva E. Glendening, docket No. 5235–64.

*Don O. Russell*, for the petitioners.
*James H. Martin*, for the respondent.

TANNENWALD, *Judge:* Respondent determined that each of the petitioners is liable as transferee of the assets of the estate of John T. Eversole, deceased, to the extent of $12,689.04. This asserted liability is a result of deficiencies in income tax due from John T. Eversole, deceased, in the amounts of $1,998.09 for 1946 and $12,156.37 for 1947. The cases have been consolidated for purposes of trial and decision.

By stipulation, petitioners have conceded the correctness of the amounts of the deficiencies determined by respondent and, on brief, they have conceded their liability as transferees, save only with respect to the issue of the bar of the statute of limitations. The determination of this issue turns on these questions: (1) Whether certain consents were signed on behalf of the estate; (2) whether, if they were so signed, the signator had authority to sign; and (3) whether a prior proceeding in this Court suspended the period of limitations.

FINDINGS OF FACT

This is a fully stipulated case. The stipulation and exhibits attached thereto are incorporated herein and made a part of our findings of fact by this reference.

John T. Eversole, deceased, was a resident of Springfield, Ill., and filed individual income tax returns for the taxable years 1946 and 1947 with the collector of internal revenue for the eighth district of Illinois within the time prescribed by law.

John T. Eversole died intestate on September 4, 1949. Letters of administration upon his estate were granted on September 13, 1949, and his widow, Ina G. Eversole (hereafter referred to as Ina), was appointed administratrix of his estate.

On or about January 25, 1950, Ina, as administratrix of the estate of John T. Eversole, deceased (hereafter referred to as estate), filed a "Notice to the Commissioner of Internal Revenue of Fiduciary Relationship," Treasury Department Form No. 56 (accompanied by a certified copy of the letters of administration), advising the respondent that she was the duly qualified and acting administratrix of the estate. The notice was dated January 23, 1950. In this notice was the following paragraph: "This notice is given with respect to the income

tax liability of the Deceased for the taxable year(s) ended December 31, 1946."

Ina never filed with respondent any notice that her fiduciary capacity as administratrix of the estate had terminated.

During the period of administration of the estate, no claim was filed by or on behalf of the United States for any deficiencies in income taxes for the taxable years 1946 and 1947.

A printed Treasury Department form No. 872, designated "Consent Fixing Period of Limitation Upon Assessment of Income and Profits Tax," dated January 23, 1950, was filed with the internal revenue agent in charge, Springfield, Ill., on January 25, 1950. This consent extended the period for assessment of tax for the year ended December 31, 1946, to June 30, 1951. Typed in the space provided for "a taxpayer (or taxpayers)" in the body of the form are the words "Estate of John T. Eversole, Deceased and Mrs. Ina Eversole, surviving wife." The signature of "Ina G. Eversole (Admr.)" over the typed words "Estate of John T. Eversole, Deceased" appears on the signature line provided on the form for the signature of the taxpayer or taxpayers.

On June 23, 1950, Ina filed her final account for the estate with the Probate Court. On July 5, 1950, the Probate Court entered its order approving the final account of Ina and discharging her as administratrix of the estate. All of the assets of the estate were distributed on or about July 5, 1950, to the petitioners herein, as set forth in the final account of Ina.

A printed Treasury Department form No. 872, designated "Consent Fixing Period of Limitation Upon Assessment of Income and Profits Tax," dated October 30, 1950, was filed with the Internal Revenue, Springfield division, on October 31, 1950. Typed in the space provided for "a taxpayer (or taxpayers)" in the body of the form are the words "Estate of John T. Eversole, Deceased and Mrs. Ina Eversole, surviving wife." The consent covered the taxable year ended December 31, 1946, and extended the period for assessment to June 30, 1952. At the bottom of the consents were lines for the signatures of the taxpayers as follows: [2]

[A]    _____
       Taxpayer [1]

[B]    _____
       Taxpayer [1]

[C]  By _____.

---

[2] The letters A, B, and C in brackets are added for purposes of identification. The number 1 by "taxpayer" calls attention to the fact that authorized agents or persons acting in a fiduciary capacity may execute the forms for the taxpayer. If a consent is executed by a person acting in a fiduciary capacity, the form states that such person must submit a "Notice to the Commissioner of Internal Revenue of Fiduciary Relationship" (Form 56).

The consent was signed in the following manner: Upon the second line for the taxpayer's signature, [B], was *printed by hand* "Estate of John T. Eversole, Deceased and Mrs. Ina G. Eversole, Surviving Wife." Upon the next line, [C], adjacent to the printed word "By," Ina signed "Ina Eversole."

Another form No. 872, covering the taxable period ending December 31, 1947, and extending the period for assessment to June 30, 1952, was similarly filed on October 31, 1950. This consent was also dated October 30, 1950, and was identical with the form No. 872 filed with respect to the taxable period ending December 31, 1946, except that it was signed in the following manner: Upon the first line for the taxpayer's signature, [A], *written by hand*, is "Estate of John T. Eversole, Deceased and Mrs. Ina Eversole, Surviving Wife." Upon the next line, [B], Ina signed "Ina Eversole."

Ina remarried on January 18, 1952 and her name is now Ina G. Tapocik.

On January 22, 1952, respondent mailed a joint statutory notice of deficiencies to "Estate of John T. Eversole, Deceased, Ina G. Eversole, Administrator, and Mrs. Ina G. Eversole, Surviving Spouse," determining, among other items, deficiencies in income tax for the taxable years 1946 and 1947.

On April 21, 1952, a petition was filed with the Tax Court and assigned docket No. 40235. The heading of the petition read as follows:

THE TAX COURT OF THE UNITED STATES

ESTATE OF JOHN T. EVERSOLE, DECEASED, INA G. EVERSOLE, ADMINISTRATOR, AND MRS. INA G. EVERSOLE, SURVIVING SPOUSE, Petitioner

vs.

COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 40235

On March 29, 1963,[3] we dismissed for lack of jurisdiction the petition insofar as it related to the estate, because we found that Ina had filed in an individual capacity and not in her capacity as administratrix of the estate. 39 T.C. 1113. The pleadings, motions, and all other papers and documents filed with the Court in that proceeding are incorporated by reference herein. No motions or appeals were filed with respect to the dismissal. Our decision became final on June 27, 1963.

On August 10, 1964 (within the period of 60 days plus 1 year after our prior decision became final),[4] the notices of liability herein involved were mailed to petitioners.

---

[3] The case had been continued by agreement of the parties pending outcome of a case in respondent's Office of Enforcement.

[4] The periods specified by sec. 311(b), I.R.C. 1939, and sec. 6901(c)(1), I.R.C. 1954, are identical.

**60**

Petitioners complain that respondent has permitted this case to "gather dust" for almost 19 years. By an ingenious exercise in hair-splitting of legalisms, they maintain that respondent's assertion of liability is barred by the statute of limitations. Petitioners' case rests upon three alternative propositions: (1) That Ina did not sign the waivers filed in October 1950 on behalf of the estate; (2) that, if she did sign on behalf of the estate, she was not authorized to do so and the consents were, therefore, ineffective; and (3) that, even if the consents were effective, the prior proceeding in this case did not suspend the period of limitations.[5]

We are of the opinion that any dust gathered in this case was kicked up in the face of respondent by petitioners or the estate from which they benefited. The eye of petitioners' needle is too small to thread. We hold for respondent on all three propositions.

By way of background, we note that the statute of limitations regarding transferees (petitioners) is 1 year longer than it would be for the estate. See sec. 311(a)(1) and (b), I.R.C. 1939.[6] Therefore, our discussion, although superficially limited to the estate, applies as well to the petitioners.

We start with the premise that respondent was nominally under a duty to assess the tax due from the estate for 1946 and 1947 within 3 years after the returns were filed. Sec. 275.[7] This would have ended March 15, 1950, for 1946 and March 15, 1951, for 1947. However, sections 276 and 277 provide exceptions to the rule of section 275. One exception is contained in subsection (b) of section 276, which provides for consents to extend the statute of limitations for agreed periods;[8] interlaced with the question of the application of subsection (b) is the effect of section 312(a), dealing with notices of fiduciary relationship. Another exception is section 277, dealing with the effect of certain court proceedings.

These three sections (276(b), 312(a), and 277) are the focal points of our decision.

*I*

Were the October 1950 consents signed by Ina on behalf of the estate? Petitioners contend that they were not because Ina signed

---

[5] Respondent concedes that a decision for petitioner on any one of the three propositions will be dispositive of the case.

[6] All sections refer to the Internal Revenue Code of 1939 unless otherwise indicated.

[7] The 5-year limit of 275(c) is not involved.

[8] SEC. 276. SAME—EXCEPTIONS.

(b) WAIVER.—Where before the expiration of the time prescribed in section 275 for the assessment of the tax, both the Commissioner and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

in her individual capacity rather than as administratrix of the estate.[9]

The gist of petitioners' argument seems to be that, since Ina did not clearly indicate that she was signing in a representative capacity, we must conclusively presume that she did not sign in such capacity. We do not agree. We recognize that, in relying on consents to sustain the assertion of deficiencies after the statute of limitations has run, the respondent assumes the risks of material defects in their execution. *Carnation Milk Products Co.*, 15 B.T.A. 556 (1929). The cases relied upon by petitioners to support this proposition (particularly *Carnation Milk Products Co., supra*, and *Estate of Lillian V. Sperling*, T.C. Memo. 1963–260, affd. 341 F. 2d 201 (C.A. 2, 1965), certiorari denied 382 U.S. 827) are, however, clearly distinguishable. In these cases, the person who actually signed was a different entity than the person whose signature was purportedly affixed. The issue therein was *who* signed, while here the issue is *how* (in what capacity) was it signed. There is no question but that Ina signed and that at no time was anyone, other than Ina, the representative of the estate. Moreover, in the cases relied upon by petitioners, there was other information in the instruments [10] from which it could be determined that the signature should not bind the person on whose behalf respondent asserted it was affixed. In this case the only evidence is that Ina signed after the hand-printed or handwritten words "Estate of John T. Eversole, Deceased and Mrs. Ina G. Eversole, Surviving Wife." [11]

We hold that, under these circumstances, Ina signed as administratrix of the estate.[12]

## II

Did Ina have the power to bind the estate vis-a-vis respondent when she executed the October 1950 consents?

Ina notified respondent of her fiduciary capacity on January 25, 1950. The Form 56 that she signed had a space in which was to be

[9] Petitioners admit that the consent dated Jan. 23, 1950, and filed Jan. 25, 1950, extending the 1946 period for assessment under sec. 275 from Mar. 15, 1950, to June 30, 1951, which was signed by Ina in her capacity as administratrix of the estate, was valid as to the estate under sec. 276(b).

[10] Petitioners in their brief state that the situation with regard to the consents is similar to the signature on the petition in our prior decision finding no jurisdiction as to the estate because Ina had filed solely in her individual capacity. We find no such similarity. The caption present above Ina's signature on the consents was not present on the petition, where her signature stood alone. Also, the body of the petition contained references to Ina as "the petitioner"; no such references could be found in the consents, where the only reference to taxpayers was to both Ina and the estate.

[11] Moreover, we note that Ina had filed with respondent a notice of fiduciary responsibility, which at least covered the taxable year 1946 and as to which respondent had not received any notice of termination. Thus, as far as respondent knew at the time, petitioner was the administratrix of the estate. Cf. discussion under *II, infra*.

[12] We express no opinion as to whether the result would be the same if the hand-printed or handwritten words "Estate of John T. Eversole, Deceased and Mrs. Ina G. Eversole, Surviving Wife" had been inserted *after* Ina had signed. There has not been the slightest suggestion that this was the case herein.

entered the taxable years with respect to which the notice was being given. Filled in after the phrase "taxable year(s) ended" was "December 31, 1946." Ina was discharged from her duties as administratrix on July 5, 1950, but failed to notify respondent of that fact.

Section 312(a) provides as follows:

(a) FIDUCIARY OF TAXPAYER.—Upon notice to the Commissioner that any person is acting in a fiduciary capacity such fiduciary shall assume the powers, rights, duties, and privileges of the taxpayer in respect of a tax imposed by this chapter (except as otherwise specifically provided and except that the tax shall be collected from the estate of the taxpayer), until notice is given that the fiduciary capacity has terminated.

We have no doubt that under section 312(a) Ina had the power to bind the estate with respect to the 1946 consent since she had notified respondent of her fiduciary capacity but had not notified him when that was terminated. *Sanborn* v. *Helvering*, 108 F. 2d 311 (C.A. 8, 1940), affirming 39 B.T.A. 721 (1939); *Tooley* v. *Commissioner*, 121 F. 2d 350 (C.A. 9, 1941), modifying 42 B.T.A. 977 (1940); *Estate of Nellie L. Rhodes*, 44 B.T.A. 1315 (1941).[13]

Petitioners assert, however, that, inasmuch as Ina had not specified the taxable year 1947 in her notice to respondent and had been discharged by the time she signed the consent on October 30, 1950, she had no authority, express or implied, to bind the estate for 1947.

Section 312(c) provides that the notice to respondent is to be given in accordance with respondent's regulations, which, in turn, provide:

The "notice to the Commissioner" provided for in section 312 shall be a written notice signed by the fiduciary and filed with the Commissioner. The notice must state the name and address of the person for whom the fiduciary is acting, and the nature of the liability of such person; that is, whether it is a liability for tax, and, if so, the year or years involved, * * * [Sec. 29.312–1, Regs. 111.]

Petitioners contend that the requirement that the year or years involved be included in the notice to respondent means that Ina had to give respondent specific notice with respect to 1947 and that the notice given for 1946 was not a notice of fiduciary capacity for any other year.

Section 312 on its face contains no limitation with respect to taxable years. Nor is there any basis for implying a statutory requirement of notice to be given on a year-by-year basis. The scope of the language is extremely broad in specifying that the fiduciary "shall assume the powers, rights, duties, and privileges of the taxpayer" until notice of termination is given.

We believe that section 312(a) was enacted as a means whereby fiduciaries and respondent could assure themselves that notices with respect to fiduciary liability for taxes would be sent to the proper

---

[13] Indeed, petitioners appear to concede that this is the case on the basis of our decision in *Estate of Leo C. Wurtzburger*, T.C. Memo. 1964–160.

person and to the proper address, thereby facilitating the administration of the internal revenue laws. The provision in respondent's regulation covering specification of the taxable years is a tool of administrative convenience and not a limitation on the coverage of the notice given. We interpret section 312(a) to mean that, once a fiduciary gives notice to respondent of his powers, he is expected to have full authority to exercise these powers with respect to all taxable years until he has notified respondent of termination of such authority.[14] Therefore, once Ina gave notice that she was the administratrix and presented a certified copy of the letters of administration to that effect, respondent was justified in assuming that she had all the "powers" and "rights" incident thereto until such time as she notified respondent of the termination of her authority. This is especially true where, as is the case herein, the consents expressly called attention to the requirement for filing the notice of fiduciary relationship; by not giving notice of termination at or prior to executing and filing the consents, Ina in effect reaffirmed the continued validity of her prior notice.

Nothing in our prior decision (*Estate of John T. Eversole*, 39 T.C. 1113 (1963)) prevents this conclusion; the issue therein was whether the petition was *in fact* a petition on behalf of the estate, not whether *if* it was such a petition, Ina was authorized to file it.[15]

We hold that the October 1950 consents were binding upon the estate and consequently upon the transferees herein.

## III

Did the prior petition filed in this Court, which was later dismissed as to the estate on grounds of lack of jurisdiction, suspend the assessment period under section 277,[16] which provides as follows:

The running of the statute of limitations provided in section 275 or 276 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under section 272(a)) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for sixty days thereafter.

Petitioners contend that, because of our dismissal of the petition as to the estate in the prior proceeding, there was no "proceeding in

---

[14] We venture no opinion as to whether the result would be different if Ina had stated that her notice was *expressly limited* to 1946.

[15] *Hulburd* v. *Commissioner*, 296 U.S. 300 (1935), relied upon by petitioner, is not in point because, as the Supreme Court pointed out, it involved fiduciaries discharged prior to the enactment of the predecessor of sec. 312(a)—namely sec. 281(b) of the Revenue Act of 1926.

[16] Petitioners do not challenge respondent's contention that the notice of deficiency suspended the period of assessment under sec. 277 during the time respondent was prohibited from assessing under sec. 272(a)(1).

respect of the deficiency * * * placed on the docket." We disagree. We think that the petition as filed was "in respect of the deficiency," although we found that the estate did not file it. If Congress had stated that the period is suspended when "the taxpayer" has his case docketed in the Court, petitioner might have had a better leg to stand on.[17]

This case falls squarely within the ambit of the decisions in *Green Spring Dairy* v. *Commissioner*, 208 F. 2d 471 (C.A. 4, 1953), affirming 18 T.C. 217 (1952) and 18 T.C. 929 (1952) ; *Sanborn* v. *Helvering, supra; American Equitable Assur. Co. of New York* v. *Helvering*, 68 F. 2d 46 (C.A. 2, 1933), affirming 27 B.T.A. 247 (1932) ; *United States* v. *Barber*, 24 F. Supp. 229 (D. Md. 1938) ; *U S L Battery Corporation*, 32 B.T.A. 810 (1935), affirmed per curiam 84 F. 2d 1020 (C.A. 2, 1936) ; *Olympic Refining Co.*, 32 B.T.A. 1056 (1935) ; and *Emily King Parker, et al., Trustees*, 30 B.T.A. 342 (1934), affd. 84 F. 2d 838 (C.A. 8, 1936). It is also consistent with the legislative intention as expressed at the time section 277 was originally enacted. H. Rept. No. 179, 68th Cong., 1st Sess., p. 26 (1924), 1939–1 C.B. (Part 2) 241 ; H. Rept. No. 2, 70th Cong., 1st Sess., pp. 23–24 (1927), 1939–1 C.B. (Part 2) 384.

Petitioners seek to distinguish these decisions on the ground that, in each instance, the petition was *purportedly* filed on behalf of the taxpayer—i.e., either a predecessor corporation or the fiduciary. Without deciding whether such a distinction, if it existed,[18] would be valid, we merely observe that the same is true here. The record in the prior proceeding herein is replete with indications that the petitioner therein was purporting to act on behalf of the estate.[19] Furthermore, Ina was the only person who had ever been the representative of the estate and was also the widow of the deceased and a substantial beneficiary under his will.

Nor does our decision in the prior proceeding militate against our conclusion herein that the prior petition purported to be filed on be-

---

[17] It is not without significance that Congress specifically used the term "the taxpayer" in sec. 272(c), which provided—

> If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a) of this section, the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the collector.

but did not so qualify the language in section 277. We note also that in the latter section, Congress further emphasized the breadth of the language through the phrase "in any event."

[18] For example, in *U S L Battery Corporation* the transferees filed the petition "as transferees" and in *Emily King Parker, et al., Trustees*, the trustees filed the petition "as trustees" and not as executors.

[19] The reply, filed Dec. 23, 1952, is labeled "Petitioners' Reply" and begins as follows : "Come now the Estate of John T. Eversole, Deceased, Ina G. Tapocik, Administratrix, and Ina G. Tapocik, Individually, and, for *their* reply * * *." A motion for change in designation of place of hearing, filed on May 15, 1953, contained the same language. As far as the record in the prior proceeding shows, it was not until the petitioners' brief was filed on July 26, 1962, that the Court was made aware of the claim that the petition had not been filed on behalf of the estate.

half of the estate; we simply held previously that "the petition was not *in fact* made by or for the estate." (Emphasis added.) See 39 T.C. at 1118.[20]

We hold that the petition in the prior proceeding suspended the period of limitations.

---

Petitioners lay great emphasis on the assertion that the respondent has the burden of proof on all three propositions and that he has failed to meet this burden.

It is at least arguable that, under the circumstances of this case, only questions of law or at most mixed questions of law and fact are involved and that consequently the normal rule as to burden of proof may not apply. We find it unnecessary to resolve this esoteric point, for we find that, in any event, respondent has met his burden.

The notices to petitioners as transferees were timely.

*Decisions will be entered for the respondent.*

---

[20] If the respondent had assessed the deficiency after the petition was filed in the prior proceeding on Apr. 21, 1952, and prior to the expiration of the consents on June 30, 1952, it seems highly likely that the estate would have contended that the assessment was barred by sec. 277.   Cf. *United States* v. *Barber*, 24 F. Supp. 229 (D. Md. 1938).

