ESTATE OF BERT L. SIVYER, LOUIS S. SHANK, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1473-75.     Filed July 17, 1975.

*Robert E. Kovacevich,* for the petitioner.

—————

*Kenneth W. McWade,* for the respondent.

FAY, *Judge:* This case is before us on petitioner's motion to dismiss for lack of jurisdiction pursuant to Rule 53, Tax Court Rules of Practice and Procedure, on ground that the statutory notice of deficiency was not sent to the proper party. A hearing on the motion was held in Boise, Idaho, on April 21, 1975.

### FINDINGS OF FACT

On February 9, 1972, Louis S. Shank (Shank) filed a United States estate tax return for the Estate of Bert L. Sivyer with the District Director of Internal Revenue, Seattle, Wash. Shank, a residuary legatee, was designated executor of the estate on the face of the return.

On February 25, 1972, Shank filed a request, pursuant to section 2204(a),[1] for discharge from personal liability for estate tax imposed upon him in his capacity as executor by section 2002. No action on this request was taken by the Commissioner.

On April 23, 1973, an attorney representing Shank sent a letter to the Estate Tax Division, Internal Revenue Service, Spokane, Wash., indicating an intention to distribute the assets of the estate and requesting that the amount of estate tax be determined. Subsequent letters to the same effect were sent to the Estate Tax Division on June 1, 1973, and to the United States attorney's office, Spokane, Wash., on November 21, 1973.

At some later date Shank distributed all of the assets of the estate.

Respondent determined deficiencies in estate tax of $221,006, and on December 27, 1974, mailed a statutory notice of deficiency to "Estate of Bert L. Sivyer, Louis S. Shank, Executor."

On February 18, 1975, a petition in the name of "Estate of Bert L. Sivyer, Louis S. Shank, Executor" was filed with this Court, accompanied by a motion to dismiss the notice of deficiency on jurisdictional grounds.

### OPINION

The issue presented is whether Shank was the proper party to be sent the statutory notice of deficiency.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 in effect during the taxable years in issue.

In approaching this issue we acknowledge that Shank had been discharged under section 2204(a)[3] from the personal liability for estate tax imposed upon him in his capacity as executor under section 2002.[4] However, in our opinion, it has no bearing on the issue presented that Shank may have obtained such a discharge. Shank, in his representative capacity, was the proper party unless prior to the mailing of the deficiency notice his fiduciary capacity as executor was terminated, and he gave respondent written notice of that termination in accordance with section 6903 and the regulations thereunder.[5] *Estate of Theodore Geddings Tarver,* 26 T.C. 490 (1956), affd. on this issue 255 F.2d 913 (4th Cir. 1958); *Estate of Ella T. Meyer,* 58 T.C. 69 (1972).

---

[3] SEC. 2204. DISCHARGE OF FIDUCIARY FROM PERSONAL LIABILITY.

(a) GENERAL RULE.—If the executor makes written application to the Secretary or his delegate for determination of the amount of the tax and discharge from personal liability therefor, the Secretary or his delegate (as soon as possible, and in any event within 1 year after the making of such application, or, if the application is made before the return is filed, then within 1 year after the return is filed, but not after the expiration of the period prescribed for the assessment of the tax in section 6501) shall notify the executor of the amount of the tax. The executor, on payment of the amount of which he is notified * * * and on furnishing any bond which may be required for any amount for which the time for payment is extended, shall be discharged from personal liability for any deficiency in tax thereafter found to be due and shall be entitled to a receipt or writing showing such discharge.

Sec. 20.2204-1(a), Estate Tax Regs., provides:

(a) *General rule.* * * * If no such notification is received, the executor is discharged at the end of such 9 month (1 year if applicable) period from personal liability for any deficiency thereafter found to be due. The discharge of the executor from personal liability under this section applies only to him in his personal capacity and to his personal assets. The discharge is not applicable to his liability as executor to the extent of the assets of the estate in his possession or control. Further, the discharge is not to operate as a release of any part of the gross estate from the lien for estate tax for any deficiency that may thereafter be determined to be due.

[4] SEC. 2002. LIABILITY FOR PAYMENT.

The tax imposed by this chapter shall be paid by the executor.

[5] SEC. 6903. NOTICE OF FIDUCIARY RELATIONSHIP.

(a) RIGHTS AND OBLIGATIONS OF FIDUCIARY.—Upon notice to the Secretary or his delegate that any person is acting for another person in a fiduciary capacity, such fiduciary shall assume the powers, rights, duties, and privileges of such other person in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of such other person), until notice is given that the fiduciary capacity has terminated.

(b) MANNER OF NOTICE.—Notice under this section shall be given in accordance with regulations prescribed by the Secretary or his delegate.

Sec. 301.6903-1(b), Proced. & Admin. Regs., provides:

(b) *Manner of notice.* * * * When the fiduciary capacity has terminated, the fiduciary, in order to be relieved of any further duty or liability as such, must file with the district director with whom the notice of fiduciary relationship was filed written notice that the fiduciary capacity has terminated as to him, accompanied by satisfactory evidence of the termination of the fiduciary capacity. The notice of termination should state the name and address of the person, if any, who has been substituted as fiduciary. * * *

Shank asserts that the letters sent by his attorneys to the Estate Tax Division requesting an acceleration of the determination of the estate tax satisfied the notice requirement of section 6903. We find that they did not constitute a notice of termination but merely advised the District Director of Shank's future intention to close the estate and terminate his fiduciary capacity as executor if and when a final determination of estate tax was made.

We therefore hold that having failed to give the requisite notice, Shank was the proper party to be sent the notice of deficiency and the proper party in this proceeding. *Sanborn v. Helvering,* 108 F.2d 311 (8th Cir. 1940), affg. 39 B.T.A. 721 (1939); *Estate of Nellie L. Rhodes,* 44 B.T.A. 1315 (1941); *John M. Eversole,* 46 T.C. 56 (1966); *David Krueger,* 48 T.C. 824 (1967). Accordingly, petitioner's motion to dismiss for lack of jurisdiction will be denied.

*An appropriate order will be entered.*