ESTATE OF CONSTANCE COATES, DECEASED, PEARL K. KARTER, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Coates v. Commissioner
Docket No. 44133-85.
United States Tax Court
T.C. Memo 1986-574; 1986 Tax Ct. Memo LEXIS 34; 52 T.C.M. (CCH) 1122; T.C.M. (RIA) 86574; December 2, 1986. William Stitzer, for the petitioner. Will E. McLeod, for the respondent. DINAN
MEMORANDUM FINDINGS OF FACT AND OPINION DINAN, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction filed February 27, 1986, pursuant to Rule 40 [1] and was assigned to Special Trial Judge Daniel J. Dinan pursuant to section 7456(d) [2] (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat.    ). For convenience and clarity, our findings of fact and conclusions of law are combined in our opinion. Pearl K. Karter *36 (hereinafter called petitioner), was appointed personal representative of the estate of Constance Coates on July 23, 1982, by the Probate Division of the St. Louis County, Missouri, Circuit Court. Petitioner filed a 1982 Federal income tax return for Constance Coates (Deceased) to which she attached letters testamentary issued to her by the Probate Division of the St. Louis County, Missouri, Circuit Court. Petitioner was discharged as personal representative of Constance Coates, Deceased, by the Circuit Court on December 22, 1983. Petitioner did not notify respondent of the termination of her fiduciary capacity. A statutory notice of deficiency, dated November 12, 1985, was mailed to Constance Coates, Deceased, c/o Pearl E. Karter, Executor, in which it was determined that Constance Coates was liable for additional income taxes for the year 1982. In response to the notice of deficiency dated November 12, 1985, petitioner filed the petition in this case on December 11, 1985. On February 2, 1986, respondent filed his motion to dismiss which we have before us. Respondent contends that because petitioner was discharged as Constance Coates' personal representative on December 22, 1983, the *37 petition in this case has not been timely filed by a fiduciary or personal representative legally entitled to institute a case on behalf of the decedent or her estate, citing Rules 60(a)(1) and 60(c). Petitioner responds that she is the proper person to file the petition in this case, relying on the fact that she has never notified respondent of the termination of her fiduciary capacity in accordance with section 6903 and the corresponding regulations.For the reasons stated, infra, we agree with petitioner. Section 6903(a) provides: Section 6903. Notice of Fiduciary Relationship. (a) Rights and Obligations of Fiduciary. -- Upon notice to the Secretary that any person is acting for another person in a fiduciary capacity, such fiduciary shall assume the powers, rights, duties, and privileges of such other person in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of such other person), until notice is given that the fiduciary capacity has terminated. The original predecessor of section 6903 was section 281(b) of the Revenue Act of 1926. When that provision was enacted, its purpose *38 was stated to be to provide rules for determining with whom the Commissioner of Internal Revenue should deal when a fiduciary is appointed. [3] If the Commissioner is not notified of the appointment of the fiduciary, he should continue to deal with the taxpayer; but if he is notified of the appointment of a fiduciary, he may deal with the fiduciary on the assumption that the fiduciary has the continuing authority to act until the Commissioner is notified otherwise. Krueger v. Commissioner,48 T.C. 824, 831 (1967). The reach of successor sections to section 281(b), supra[4] has been judicially examined on numerous occasions. In Sanborn v. Helvering,108 F.2d 311 (8th Cir. 1940), affg. 39 B.T.A. 721 (1939), petitioner and another were appointed executrix and executor of an estate on January 2, 1929. On March 4, 1930, petitioner, as executrix, was granted an extension of time to May 15, 1930, to file the estate's 1929 Federal income tax return. On March 31, 1930, petitioner was discharged as executrix of the estate. On April 9, 1930, petitioner *39 filed the estate's 1929 return as "executrix" of the estate. On April 8, 1932, the Commissioner issued a statutory notice of deficiency to the estate for the year 1929 and, on May 27, 1932, petitioner and her co-executor filed a petition with the Board of Tax Appeals as "former executrix and executor" of the estate. In their petition, petitioner and her co-executor notified the Commissioner that they were executrix and executor of the estate until discharged upon the closing of the estate on March 31, 1930. In his answer to the petition, the Commissioner admitted the discharge of the executors on March 31, 1930. The Board sustained the Commissioner's determination and its decision was affirmed on appeal. Subsequently, the Commissioner sent a notice to petitioner proposing to assess against her as transferee of the assets of the estate and/or as fiduciary of the estate, the tax which had been assessed against the estate and she appealed to the Board. The Board sustained the Commissioner's determination and she appealed. Petitioner's argument on appeal was that, although she had been discharged as executrix of the estate on March 31, 1930, section 312(a) (Revenue Act of 1928) *40 empowered her to file the estate's 1929 return on April 9, 1930, because she had not given the Commissioner notice of her discharge as executrix of the estate. The petition filed on May 27, 1932, did not toll the statute of limitations, however, because it notified the Commissioner of the termination of the executrix' fiduciary capacity. The Court of Appeals gave short-shrift to petitioner's argument and said (108 F.2d at 313): Since the executors never gave the notice required by Section 312(a) and (c) to divest themselves of the powers and duties of the taxpayer with respect to the tax, they were clothed with such powers and duties at all times during the pendency of the proceeding initiated by them before the Board and thereafter. The statute clearly provides for the continuation of the powers and duties of a fiduciary with respect to a tax until a specified notice is given. *41 [Emphasis supplied.] The lesson of Sanborn was well learned. In Estate of Rhodes v. Commissioner,44 B.T.A. 1315 (1941) we held, on facts similar to those in the case pending, that a discharged executor was the proper person to file a petition where the notice of deficiency was directed to him and he had not notified the Commissioner of the termination of his fiduciary capacity as required by section 312, Revenue Act of 1936. Briefly, petitioner in Rhodes was appointed executor of an estate. He filed Federal income tax returns with the Commissioner for the estate. He also filed with the Commissioner, a notice of fiduciary relationship under section 312(a) of the Revenue Act of 1936, for the income tax liability of the estate for 1936. Petitioner was discharged as executor of the estate on October 16, 1939. He did not notify the Commissioner of the termination of his fiduciary capacity. The Commissioner issued a statutory notice of deficiency to the petitioner as executor of the estate. Petitioner filed a petition on behalf of the estate and the Commissioner moved to dismiss on the ground that the Board lacked jurisdiction. There, the Board held, *42 based upon section 312 of the Internal Revenue Act of 1936, and prior circuit court cases, that the former executor was the proper person to file a petition based upon a statutory notice of deficiency directed to him in his fiduciary capacity. Consonant with the holding in Sanborn and Rhodes, we have held that a discharged executor is bound, pursuant to the interpretation placed on section 312, of the Internal Revenue Act of 1928, with the powers and obligations of a (co-)executor until such time as he provides the respondent with actual notice of his discharge as (co-)executor of the estate. Estate of Wurtzburger v. Commissioner,T.C. Memo. 1964-160. In Krueger which in our opinion is dispositive of the motion before us, the facts were as follows: Stipulated decisions were entered in the Estate of William Krueger, deceased, and the Estate of Anna Krueger, deceased. Thereafter, the Commissioner determined that David and Henry Krueger were liable for the income taxes of the two estates as fiduciaries and transferees. One of the issues in Krueger was whether Henry Krueger, who, while executor of the transferor estates, filed with the Commissioner *43 a notice of fiduciary relationship, but did not notify the Commissioner of the termination of his fiduciary capacity, had the authority to bind the transferor estates by executing the stipulated decisions for the estates after he had been discharged from his fiduciary relationship. We there held (48 T.C. at 832): that Henry had the authority to bind the estates of William Krueger and Anna Krueger by agreeing to the stipulated decisions filed with this Court. Although David also argues that under Illinois law Henry had no authority to act after the discharge, it is unnecessary for us to consider the effect of Illinois law since section 6903 provides him with continuing authority regardless of Illinois law. [Fn. ref. omitted.] Finally, in Estate of Sivyer v. Commissioner,64 T.C. 581 (1975), we again held that a fiduciary, who has notified the Commissioner of his fiduciary capacity as to a Federal tax, continues to bear all the duties and responsibilities of a fiduciary as to that tax until such time as he gives the Commissioner proper notice, pursuant to section 6903, that he has been discharged from his fiduciary capacity. The executor, Shank, *44 had filed a request, pursuant to section 2204(a), for discharge from personal liability for estate tax imposed upon him in his capacity as executor by section 2002. The Commissioner did not respond to Shank's section 2204(a) request. Subsequently, Shank distributed all of the assets of the estate. The Commissioner determined deficiencies in the estate's tax and mailed a statutory notice of deficiency to Shank as "executor" of the estate. Shank filed a petition with this Court in response to the Commissioner's notice of deficiency sent to the estate. The issue presented for determination was whether Shank was the proper party to be sent the statutory notice of deficiency. We first acknowledged that Shank had been discharged from liability pursuant to section 2204(a), but observed that such discharge was irrelevant to the issue for decision. We held that Shank was the proper party to receive the statutory notice of deficiency, in his representative capacity, until he gave the Commissioner proper notice of his fiduciary capacity pursuant to section 6903 and the regulations thereunder. This he had not done. We therefore held that Shank was the proper party to whom the notice *45 of deficiency should be sent and that he was the proper party to file the petition in the proceedings. We find that petitioner was the proper person to have filed the petition in this case, pursuant to the provisions of section 6903. We see no conflict between this finding and Rule 60(c). Petitioner, pursuant to section 6903, notified the Commissioner of her fiduciary capacity relative to the 1982 tax liability of Constance Coates, deceased. Petitioner's fiduciary capacity was continued because of the provisions of section 6903, until she notified the Commissioner of the termination of her fiduciary capacity. Sanborn v. Commissioner,supra; Estate of Rhodes v. Commissioner,supra; and Estate of Sivyer v. Commissioner,supra.
Petitioner's fiduciary capacity, established by the law of Missouri, was continued by section 6903, and clothed her with all of the duties, powers, and responsibilities of the taxpayer, Constance Coates, until such time as she informed respondent of her discharge from that fiduciary capacity. An appropriate order will be issued.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. See S. Rept. No. 52, 69th Cong., 1st Sess. (1926), 1939-1 C.B. (Part 2) 355.↩
4. Provisions similar to section 6903 were contained in the following prior Revenue Acts: IRC 1939 - Section 312
Revenue Act 1936 - Section 312 Revenue Act 1934 - Section 312 Revenue Act 1932 - Section 312 Revenue Act 1928 - Section 312 Revenue Act 1926 - Section 281↩