ESTATE OF GORDON K. HULL, DECEASED, JERRILYNN A. HULL, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Hull v. Commissioner
Docket No. 28050-89
United States Tax Court
T.C. Memo 1990-579; 1990 Tax Ct. Memo LEXIS 650; 60 T.C.M. (CCH) 1217; T.C.M. (RIA) 90579; November 13, 1990, Filed Thomas J. O'Rourke and Charles H. Mansour, for the petitioner. Lindsey D. Stellwagen, for the respondent. PARKER, Judge. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION This case is before us on petitioner's motion to dismiss for lack of jurisdiction, filed October 23, 1990. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for 1983, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Gordon K. Hull and Jerrilynn A. Hull were married in March of 1984. Mr. Hull's 1983 income tax return was timely filed. Mr. Hull died in February of 1985. The Superior Court of the District of Columbia appointed Jerrilynn Hull personal representative of her deceased husband's estate on March 29, 1985. *651 On or about November 18, 1986, Mrs. Hull executed Form 56, "Notice Concerning Fiduciary Relationship" and mailed it to respondent. The form notified respondent to send "copies of notices and other written communications addressed to [Jerrilynn Hull] in proceedings involving" Gordon Hull's income tax liability for the 1983 taxable year. Respondent received the executed Form 56 on November 21, 1986. Petitioner alleges that the Superior Court of the District of Columbia closed Mr. Hull's estate and discharged Mrs. Hull as the personal representative on July 22, 1987. Mrs. Hull never notified respondent of the termination of her fiduciary authority. On September 18, 1989, respondent mailed to Mrs. Hull a notice of deficiency in Mr. Hull's 1983 income taxes. Mrs. Hull petitioned this Court as the personal representative of her deceased husband's estate on November 22, 1989. OPINION Petitioner argues that after the Superior Court of the District of Columbia closed Mr. Hull's estate and discharged Mrs. Hull as the estate's personal representative on July 22, 1987, Mrs. Hull lacked the authority to file a petition on the estate's behalf. Citing Fehrs v. Commissioner, 65 T.C. 346 (1975), *652 and Harold Patz Trust v. Commissioner, 69 T.C. 497 (1977), petitioner concludes that the Court has no jurisdiction to determine Mr. Hull's income tax liability for 1983. Respondent does not oppose the granting of petitioner's motion: if we were to grant it, respondent would be entitled to assess the deficiency immediately. We hold that we have jurisdiction, and we will deny petitioner's motion. The common denominator in distinguishing the cases petitioner cites from the one before us is that in Fehrs and Harold Patz Trust none of the alleged fiduciaries gave respondent notice of their capacity as such under section 6903(a). Section 6903(a) provides: (a) Rights and Obligations of Fiduciary. -- Upon notice to the Secretary that any person is acting for another person in a fiduciary capacity, such fiduciary shall assume the powers, rights, duties, and privileges of such other person in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of such other person), until notice *653 is given that the fiduciary capacity has terminated. [Emphasis supplied.]
Also, section 301.6903-1(b), Proced. & Admin. Regs., provides, among other things: When the fiduciary capacity has terminated, the fiduciary, in order to be relieved of any further duty or liability as such, must file with the district director with whom the notice of fiduciary relationship was filed written notice that the fiduciary capacity has terminated as to him, accompanied by satisfactory evidence of the termination of the fiduciary capacity.
* * * In Fehrs there is no showing that the alleged fiduciary, the decedent's wife, ever had any authority to act on the decedent's behalf. In Harold Patz Trust, the alleged fiduciaries at one time had authority to act on the trusts' behalf, but had never notified respondent of their fiduciary status and filed petitions on the trusts' behalf after the trusts had gone out of existence. In the present case Mrs. Hull had fiduciary authority prior to the estate's termination and notified respondent of this authority. Mrs. *654 Hull did not notify respondent of the termination of her fiduciary authority prior to the mailing of the notice of deficiency. Said notice was valid and Mrs. Hull was the proper party to file the petition in this case. This Court has jurisdiction. Sec. 6903(a); sec. 301.6903-1(b), Proced. & Admin. Regs.; Estate of Sivyer v. Commissioner, 64 T.C. 581 (1975); Estate of Coates v. Commissioner, T.C. Memo. 1986-574. Accordingly, we will deny petitioner's motion to dismiss for lack of jurisdiction. To reflect the foregoing, An appropriate order will be issued.