CARNATION MILK PRODUCTS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22495. Promulgated February 21, 1929.

*J. S. Y. Ivins, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

STERNHAGEN: After the denial by the Board of petitioner's motion for judgment in *Carnation Milk Products Co.*, 9 B. T. A. 95, the petitioner herein, being a Delaware corporation, filed a new motion for judgment, because the legal effect of several more recent decisions of the Board was said to afford entirely new support for holding the deficiency to be barred by the statute of limitations and hence to justify a new motion on that ground. This motion was, at petitioner's request, set down for hearing and no objection to the hearing

or consideration of the new motion was made by respondent. At the hearing, respondent asked and was granted leave by the presiding member to file an amendment to his answer, making new allegations of fact affecting the limitation question. It was clear at this hearing that this amended answer laid the foundation for evidence and thus that the hearing would be, not one of argument on the motion, but rather one of trial upon the preliminary issue of limitation. With the express concurrence of counsel for both parties, a day certain was fixed for the trial of the issue of limitation and the receipt of " such evidence as the parties may want to introduce on this question." Upon the day fixed the parties appeared and contented themselves to argue on the pleadings, the respondent relying on the allegations of his last amended answer as showing that the motion could not be granted in the absence of evidence as to the facts therein alleged. Despite the clear notice to him at the earlier hearing that evidence would at this time be received, he offered none, and gave no indication that he had any new evidence to support the allegations in addition to what the record already contained. Petitioner stood on the record made by the pleadings. Thus it was submitted and briefs were subsequently filed.

In this situation we think it fair to treat the case as upon a completed record as to the statute of limitations, the facts being such as are admitted in the pleadings, and to determine upon such facts whether petitioner is free from liability because the tax liability of its transferor is now barred.

The undisputed facts as they appear from the petition and answer, amended petition and answer thereto, and amended answer thereto are as follows:

The petitioner is a corporation duly organized and existing under the laws of the State of Delaware, with principal office at Oconomowoc, Wisconsin, and is the successor to or transferee of the assets of the Carnation Milk Products Company, a corporation duly organized and formerly existing under the laws of the State of Maine.

The taxes in controversy are income, excess profits and war profits taxes for the calendar year 1919.

The notice of deficiency was mailed to the petitioner on November 11, 1926, and indicated on its face that the respondent, acting under section 280 of the Revenue Act of 1926, proposed for assessment against the petitioner an amount of $257,074.60, as petitioner's liability as a transferee of the assets of the said Maine corporation, and further that the said amount of $257,074.60 constituted all of an outstanding deficiency for 1919 determined by the respondent against the Maine corporation.

During 1919 the Carnation Milk Products Company purchased from outside parties for $45,000 mortgage notes of the Sparta Condensed Milk Company having a face value of $54,000.

The Commissioner of Internal Revenue has asserted an excess profits tax upon the petitioner of $946,165.05 for the year 1919.

The Commissioner reduced the invested capital of the Carnation Milk Products Company and affiliated corporations for 1919 by the amount of the amortization deduction for 1918, to wit, $257,532.63.

On March 13, 1920, the Carnation Milk Products Company filed a tentative return of income and profits taxes for the calendar year 1919, which tentative return was dated March 6, 1920. On May 15, 1920, the said Company filed its income and profits tax return for said calendar year 1919. No assessment was made against said Company for additional taxes for 1919 prior to May 15, 1925. On October 19, 1925, petitioner delivered to respondent a paper signed by the petitioner, a copy of which is as follows:

INCOME AND PROFITS TAX WAIVER FOR TAXABLE YEARS ENDED PRIOR TO JANUARY 1, 1922

OCTOBER 5TH, 1925.

In pursuance of the provisions of existing Internal Revenue laws _____ Carnation Milk Products Co. _____, a taxpayer of _____, and the Commissioner of Internal Revenue hereby waive the time prescribed by law for making any assessment of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of said taxpayer for the year (or years) _____ 1918, 1919, 1920 and 1921 _____ under existing revenue acts, or under prior revenue acts.

This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1926, and shall then expire except that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board.

CARNATION MILK PRODUCTS CO.,

*Taxpayer.*

By _____

_____

*Commissioner.*

If this waiver is executed on behalf of a corporation, it must be signed by such officer or officers of the corporation as are empowered under the laws of the State in which the corporation is located to sign for the corporation, in addition to which, the seal, if any, of the corporation must be affixed.

The petitioner, on or about March 1, 1926, filed a claim for refund in the amount of $935,258.40, which was rejected by respondent.

The computation of invested capital by the Commissioner for the year 1919 is based upon a reduction of surplus by an amount of Federal tax liability with respect to prior years.

In support of petitioner's demand for judgment, it is shown that respondent has determined against petitioner, not a deficiency under section 274, but a liability under section 280 as a transferee in respect of a deficiency of a corporation of Maine; and it is argued that the deficiency of the Maine corporation for 1919 was outlawed on May 15, 1925, no consent to a later determination having been filed by it, and that the consent of October 5, 1925, being that of petitioner and not of the Maine corporation, did not extend the period of the

Maine corporation's tax liability. The cases relied upon are *Bamberg Cotton Mills Co.*, 8 B. T. A. 1236; *Bisso Ferry Co.*, 8 B. T. A. 1104; *Weis & Lesh Mfg. Co.*, 13 B. T. A. 144.

It has been held by the Board, where section 280 was not involved, that a petition filed by one other than the recipient of a deficiency notice does not serve to institute a proceeding within the statutory jurisdiction of the Board, *Bisso Ferry Co.*, *supra*; *Bond, Inc.*, 12 B. T. A. 339; *Weis & Lesh Mfg. Co.*, *supra*; *American Arch Co.*, 13 B. T. A. 552; *Sanborn Brothers*, 14 B. T. A. 1059; *Hirsch Distilling Co.*, 14 B. T. A. 1073. If therefore this proceeding had not arisen out of section 280 this petitioner would have no standing before this Board to contest the determination of a deficiency of its predecessor. In the light of those decisions, it is plain that there was no jurisdiction in the *Bamberg Cotton Mills* case and that if the jurisdictional question had been considered the proceeding must have been dismissed.

There is, however, in the present case no question of jurisdiction. The petitioner, alleging itself to be a transferee and appending a notice of liability under section 280, proceeds, as in *Cappellini*, 14 B. T. A. 1269, for a redetermination of such liability. As such transferee it strives at this time to establish nonliability by showing that by virtue of the statute of limitations its predecessor and transferor, the "taxpayer," was not liable for the tax, Revenue Act of 1928, sec. 602. There could be no doubt that in a proceeding by the Maine corporation if the 5-year limitation period had expired without a statutory consent to extend it, judgment of no deficiency would enter. And the burden of proving consent to extend the period is upon respondent. *Farmers Feed Co.*, 10 B. T. A. 1069; *Bonwit Teller & Co.*, 10 B. T. A. 1300.

Respondent has not alleged or proved that the "taxpayer," that is the Maine corporation, consented with respondent to a later determination of its tax. The only facts about any so-called consent or waiver appear from respondent's admission of petitioner's allegation that it, the petitioner, filed a consent signed by it, which on its face purported to extend the time for determining its own tax liability for 1919. For all that appears, petitioner was itself a responsible taxpayer in 1919 and was in 1925 consenting that its own limitation period for 1919 should be extended. There is nothing in the terms of the consent to justify the belief that, or even to support a doubt whether, petitioner was consenting to extend either the period of its predecessor or its own period as a transferee. It does not appear when the Maine corporation was discontinued or the petitioner organized; whether in 1919 or during any period they were contemporaneously in existence; or what were the terms, circum-

stances and legal nature of the admitted succession and transfer of assets. If, by reason of facts not in evidence, the consent of October 5, 1925, could be legally imputed to the Maine corporation and vivify the tax liability which seems otherwise to have perished, such facts have been neither alleged nor proven, and respondent, whose reasonable and established function it was to produce them, has failed. When in *Farmers Feed Co., supra,* the doctrine was laid down that respondent by reason of his superior and convenient power had the burden of going forward with the statutory exception, a substantial responsibility was imposed upon him to establish all the facts which justified him in overriding the statutory period of repose. This is not satisfied unless he shows that upon which he acted to be sufficiently effective to justify his reliance upon it.

In this case, the return was filed May 15, 1920. Without more, the period expired May 15, 1925. To overcome this, respondent points to a document not signed by the taxpayer but by the petitioner and, except for the similarity of names, having no apparent effect upon the taxpayer, and urges that this proves that " both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax." Revenue Act 1921, sec. 250 (d) ; Revenue Act 1924, sec. 278. We are of opinion that it falls short of the mark. Since for reasons earlier set forth we must regard the case as containing all the evidence to be introduced upon the question of limitations, our judgment must be that the respondent's right has lapsed and that there is no deficiency and hence no liability of petitioner.

It should be added that in our opinion the denial of the earlier motion does not make the present issue *res adjudicata,* and we are also of opinion that the statement of petitioner's counsel *arguendo* at the hearing on the previous motion does not operate as evidence to support respondent's pleaded allegations, nor, if it were evidence, would it be sufficient to change the facts upon which the decision must be predicated.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

TRAMMELL and MILLIKEN concur in the result.