## U S L Battery Corporation, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 73074, 73075.  Promulgated June 21, 1935.

*Paul P. Cohen, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

### OPINION.

SEAWELL: There is involved in these proceedings, consolidated for hearing and report, the transferee liability of the petitioner for unpaid income tax of the U. S. Light & Heat Corporation in the amount of $10,220.61 for the period January 1 to April 30, 1927, and like taxes of the U S L Battery Corporation, whose name the petitioner, formerly the Motor Battery Corporation, acquired on June 1, 1928, for the periods May 1 to December 31, 1927, and January 1 to May 31, 1928, in the respective amounts of $23,022.16 and $5,495.05. The cases were submitted for decision on the basis of a stipulation of facts, in which the parties agree upon the correct tax liability of the transferors for the respective periods except the period May 1 to December 31, 1927, for which it is agreed there is no deficiency. As to the two periods still in controversy, the petitioner claims that its liability as a transferee is barred by the statute of limitations. The parties are also in agreement that if the period for assessment and collection has not run against the petitioner, it is liable as a transferee for the amount of the agreed deficiencies, plus interest as provided by law.

The income tax return of the U. S. Light & Heat Corporation for the period January 1 to April 30, 1927, was filed on March 13, 1928, and the return of the U S L Battery Corporation (transferor) for the period January 1 to May 31, 1928, was filed on March 14, 1929. On February 2, 1931, the transferors executed and filed with

the respondent waivers for the assessment of the taxes in question at any time on or before December 31, 1931, " except that, if a notice of a deficiency in tax is sent to said taxpayer by registered mail on or before said date, then the time for making any assessment as aforesaid shall be extended beyond the said date by the number of days during which the Commissioner is prohibited from making an assessment and for sixty days thereafter."

On November 10, 1931, deficiency notices were mailed to the transferors for the taxable periods in question and on January 9, 1932, the petitioner, as the transferee of the assets of the transferors, filed petitions with this Board on the basis of such deficiency notices. On April 19, 1932, this Board entered orders of dismissal in the proceedings for lack of jurisdiction, the motions therefor having been made by the respondent. No appeal was taken by the petitioner from the orders. On March 26, 1932, after making the motions, the respondent, in accordance with section 274 (c) of the Revenue Act of 1926, assessed the deficiencies proposed against the transferors, and on March 29, 1932, and April 19, 1932, mailed to the transferors the first and second notices, respectively, of such assessments, none of which have been paid.

On May 24, 1933, the respondent mailed to the petitioner notices of its liability as a transferee for the taxes in question, plus interest as provided by law.

The petitioner questions the validity of the consents to extend the period of limitation against the transferors beyond March 13, 1931, and March 14, 1931, as fixed by section 277 (a) (1) of the 1926 Act and section 275 (a) of the 1928 Act, on the ground that they were executed nearly three years after the taxpayers had transferred their assets to it. Consents given at such time are valid and bind the transferee. *McPherson* v. *Commissioner*, 54 Fed. (2d) 751, affirming 22 B. T. A. 390; *Helvering* v. *South Penn Oil Co.*, 68 Fed. (2d) 420; *W. O. Menger*, 17 B. T. A. 998; *Continental Oil Co.*, 23 B. T. A. 311.

The petitioner contends that the period of limitation is controlled by the terms of the consents, which extend the time after the mailing of a deficiency notice by the period during which the Commissioner is prohibited from making an assessment, plus 60 days. It is admitted that such a prohibition existed for the period between the mailing of the deficiency notices to the taxpayers on November 10, 1931, and for 60 days after January 9, 1932, the date appeals were taken from the notices. To determine the time during which the Commissioner was prohibited from making assessment, the petitioner says we must look to the provisions of section 274 (a) of the 1926 Act and section 272 (a) of the 1928 Act. The petitioner claims that those provisions confine the prohibition against assessment to

812

cases where a petition is filed by the taxpayer and if such person does not take an appeal, then the Commissioner may make an assessment as provided in sections 274 (c) and 272 (c) of the 1926 and 1928 Acts, respectively. Section 274 (a) of the 1926 Act authorizes the sending of deficiency notices and the filing of petitions with the Board within 60 days thereafter. As to assessment, it provides:

> \* \* \* Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. \* \* \*

Section 272 (a) of the 1928 Act contains a like prohibition. Sections 274 (c) of the 1926 Act and 272 (c) of the 1928 Act provide that "If the taxpayer does not file a petition with the Board \* \* \* the deficiency \* \* \* shall be assessed, and shall be paid upon notice and demand from the collector."

The clear intent of these sections of the acts is that if a petition is filed with the Board upon the basis of a deficiency notice the Commissioner shall not make an assessment of the deficiency until the decision of the Board becomes final. The prohibition goes into effect when a deficiency notice is mailed and "if a petition" is filed with the Board it continues until the decision of the Board in the proceeding becomes final. To continue the force of the prohibition it is not essential that the petitioner be *the taxpayer* to whom the deficiency notice was sent. It is sufficient if a petition is filed on the basis of the notice of deficiency. In other words, the moving party in the petition filed from the notice must, for the purposes of the statute, be treated as *the taxpayer* until the decision of the Board has become final. Such is the effect of the decision in *American Equitable Assurance Co.* v. *Helvering*, 68 Fed. (2d) 46, affirming 27 B. T. A. 247, followed in *Emily King Parker et al., Trustees*, 30 B. T. A. 342.

The decisions of the Board in the proceedings instituted in 1932 did not become final until October 19, 1932. Secs. 1001 (a) and 1005 (a) of the 1926 Act and sec. 272 (h) of the 1928 Act. Until then the Commissioner was prohibited from making assessment against the taxpayers. The consents extended the time for assessment against the transferors an additional 60 days and section 280 (b) (1) of the 1926 Act and section 311 (b) (1) of the 1928 Act provide for an additional year within which to make assessment against a transferee. The transferee notices sent to the petitioner on May 24, 1933, were well within the time allowed by the statutes as extended by the consents.

The fact that the Commissioner did make an assessment against the taxpayers during the pendency of the proceedings does not call for a different conclusion. *American Equitable Assurance Co.* v. *Helvering, supra.*

In accordance with the stipulation, orders will be entered deciding that the petitioner is liable as a transferee for unpaid income tax of the U. S. Light & Heat Corporation for the period January 1 to April 30, 1927, in the amount of $6,159.71, and for like tax of the U S L Battery Corporation for the period January 1 to May 31, 1928, in the amount of $4,168.64, plus, in each case, interest as provided by law, and that it is not liable as a transferee for income tax of the U S L Battery Corporation for the period May 1 to December 31, 1927.