T.C. Memo. 2015-140

UNITED STATES TAX COURT

SUMMIT VINEYARD HOLDINGS, LLC, SUMMIT SV HOLDINGS, LLC,
TAX MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14719-12.                    Filed August 4, 2015.

<u>Tim A. Tarter</u>, for petitioner.

<u>Danae M. Rawson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  This case is before the Court on petition by Summit SV

Holdings, LLC (Summit SV Holdings), as tax matters partner (TMP) of Summit

Vineyard Holdings, LLC (Summit), which was taxed as a partnership.  The

petition alleges that the notice of final partnership administrative adjustment

**[*2]** (FPAA) issued to Summit was untimely because the consent to extend the period of limitations for making assessments against Summit was invalid.[1]

The issues presented for our decision are:

(1) whether Summit SV Holdings is the proper TMP of Summit for tax year 2007. We hold that it is; and

(2) whether the Form 872-P, Consent to Extend the Time to Assess Tax Attributable to Partnership Items, signed by Eric Gjelde, the managing member of Meridian Equity, LLC (Meridian), was valid to extend the period of limitations. We hold that it was.

FINDINGS OF FACT

Some facts have been stipulated and are so found. Summit is an LLC organized under the laws of the State of Delaware. Summit's principal place of business was in Seattle, Washington. Summit is subject to the TEFRA partnership procedures set forth under sections 6221 through 6234.[2]

---

[1]By agreement of the parties this issue was tried separately from the substantive merits.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** On March 15, 2012, respondent mailed to Summit an FPAA for tax year 2007. Summit's 2007 Form 1065, U.S. Return of Partnership Income, was deemed filed on April 15, 2008, pursuant to section 6501(b)(1) and was signed by Mr. Gjelde.

Summit SV Holdings was designated Summit's TMP on Summit's 2007 Form 1065. Summit SV Holdings is an LLC organized in Delaware. Throughout the year at issue and at the time the petition was filed, Summit SV Holdings was in good standing with the Delaware secretary of state.

During 2007 Summit SV Holdings was one of four partners in Summit and Mr. Gjelde was the managing member of Summit SV Holdings. Mr. Gjelde was also the managing member of Meridian. In 2009 Meridian replaced Summit SV Holdings as Summit's TMP.

On or about February 24, 2010, Revenue Agent Joseph Battaglino was assigned to the examination of Summit's 2007 Form 1065. Agent Battaglino was not a TEFRA specialist and had very limited TEFRA experience before beginning the audit. After receiving the case, he determined that the statute of limitations for assessment for tax year 2007 would expire April 15, 2011, pursuant to section 6229(a).

**[*4]** On March 4, 2010, Agent Battaglino was contacted by Travis Burgess, a certified public accountant. On March 5, 2010, Mr. Gjelde executed Form 2848, Power of Attorney and Declaration of Representation, on behalf of Summit for Summit's partnership tax years 2006, 2007, and 2008 designating Mr. Burgess, and others, as Summit's representatives. The Form 2848 was received via fax by Agent Battaglino on March 25, 2010. Mr. Burgess represented Summit before the Internal Revenue Service (IRS) in connection with the examination of Summit's 2007 Form 1065 and spoke with Agent Battaglino throughout the process.

On August 26, 2010, Agent Battaglino prepared Form 872-P. Agent Battaglino did not fill out page 2 of Form 872-P to specify the name of the TMP that should sign the form. From September to December 2010, Agent Battaglino and Mr. Burgess were in contact regarding the status of the Form 872-P. Agent Battaglino emphasized that if he did not receive a signed copy of Form 872-P, he would be required to issue an FPAA for Summit's tax year 2007.

On December 13, 2010, Mr. Gjelde's secretary filled in Meridian's name on page 2 of Form 872-P and presented it to Mr. Gjelde to sign. At the time Mr. Gjelde signed the Form 872-P, he knew Meridian was Summit's TMP for 2010. At the time of the trial Mr. Gjelde could not recall having any conversation with

[*5] his secretary about why he was signing for Meridian rather than Summit SV Holdings.

Mr. Burgess sent Agent Battaglino an email on December 16, 2010, with an electronically scanned, signed copy of the Form 872-P for Summit's tax year 2007 attached. On December 16, 2010, Mr. Burgess sent an email to Agent Battaglino stating: "You have the scanned copy. That should be sufficient enough proof that it is on the way. I'm sure that will hold up in any court that the intent was for it to be signed and delivered."

Also on December 16, Agent Battaglino's Group Manager contacted him and stated that because the Form 872-P had not arrived in the mail he should close the case for the issuance of the FPAA. Agent Battaglino informed him of the scanned copy of the Form 872-P, but the Group Manager believed that a scanned copy was insufficient and asked him to close the case. On December 17, 2010, Agent Battaglino provided his report to his Group Manager, and the Group Manager stated that he would send the report to Technical Services to prepare the FPAA.

Both Agent Battaglino and his group manager believed that it was a valid Form 872-P because Meridian was Summit's TMP at the time the Form 872-P was signed in 2010. Furthermore, both were fully aware that Summit's TMP had

**[*6]** changed between the year at issue and the year the Form 872-P was signed. Agent Battaglino received the original, signed Form 872-P in the mail on December 20, 2010. Thereafter, he contacted Technical Services and recalled the FPAA for tax year 2007 before its issuance.

On or about May 6, 2011, Agent Battaglino issued a Form 4605-A, Examination Changes - Partnerships, Fiduciaries, S Corporations, and Interest Charge Domestic International Sales Corporations, to Summit for its 2007 Form 1065. On or about June 21, 2011, Summit submitted a formal letter of protest with respect to the Form 4605-A. The letter was signed by Summit's representative and by Mr. Gjelde. Mr. Gjelde signed as "Member/Director, Meridian Equity, LLC, Designated Tax Matters Partner."

## OPINION

### I. Designation of Tax Matters Partner

The TMP of any partnership is the general partner designated the TMP as provided in the regulations. Sec. 6231(a)(7)(A). A "partnership may designate a partner as its tax matters partner for a specific taxable year only as provided in this section." Sec. 301.6231(a)(7)-1(a), Proced. & Admin. Regs. Further, a partnership "may designate a tax matters partner for a partnership taxable year on the partnership return for that taxable year." Id. para. (c). Finally, "the

**[\*7]** designation of a partner as the tax matters partner for a specific taxable year may be terminated only as provided in this section." Id. para. (a).

The designation of a TMP for a taxable year shall remain effective until

(i) The death of the designated tax matters partner;

(ii) An adjudication by a court of competent jurisdiction that the individual designated as the tax matters partner is no longer capable of managing the individual's person or estate;

(iii) The liquidation or dissolution of the tax matters partner, if the tax matters partner is an entity;

(iv) The partnership items of the tax matters partner become nonpartnership items under section 6231(c) (relating to special enforcement areas); or

(v) The day on which--

(A) The resignation of the tax matters partner under paragraph (i) of this section;

(B) A subsequent designation under paragraph (d), (e), or (f) of this section; or

(C) A revocation of the designation under paragraph (j) of this section becomes effective.

Id. para. (l).  If none of these events occurs, the partner designated the TMP for a specific year remains the TMP for the specific year even if the TMP for that specific year is no longer a member of the partnership.  See Monetary II Ltd. P'ship v. Commissioner, 47 F.3d 342 (9th Cir. 1995), aff'g T.C. Memo. 1992-562.

**[\*8]**  Summit SV Holdings was the designated TMP on Summit's 2007 Form 1065.  Although Summit SV Holdings was no longer a member of Summit in 2010, it was still the TMP with authority to execute the Form 872-P for tax year 2007 as none of the events specified in section 301.6231(a)(7)-1(a), Proced. & Admin. Regs., had occurred.

## II.  Meridian's Authority To Extend Period of Limitations

Petitioner TMP argues that the period of limitations in this case expired before respondent sent the FPAA with respect to Summit's tax year 2007. Respondent argues that the period of limitations was extended by the execution of a valid Form 872-P.  In deciding this issue, we note the Supreme Court's admonition that "'[s]tatutes of limitation sought to be applied to bar rights of the Government, must receive a strict construction in favor of the Government.'" Badaracco v. Commissioner, 464 U.S. 386, 391 (1984) (quoting E.I. Dupont de Nemours & Co. v. Davis, 264 U.S. 456, 462 (1924)); see also Bufferd v. Commissioner, 506 U.S. 523, 527 n.6 (1993).

The period for assessing any income tax attributable to partnership items (or affected items) for a partnership taxable year will not expire before the later of a date which is three years after (1) the partnership files its information return for the taxable year in question or (2) the last day for filing such return for such year

**[*9]** (without extensions). Sec. 6229(a). However, that period may be extended by agreement at any time during the initial three-year period following the partnership's filing of its return. Sec. 6229(b)(1). Pursuant to section 6229(b)(1)(B), the period may be extended with respect to all partners by an agreement entered into by the Secretary and either the TMP or "any other person authorized by the partnership in writing to enter into such an agreement".

We must determine whether the Form 872-P executed by Mr. Gjelde in his capacity as managing member of Meridian was effective to extend the period of limitations. If it was effective, the period for assessment of taxes, interest, and additions to tax was extended and respondent's issuance of the FPAA for Summit's tax year 2007 was timely. If not, the period for assessment of any tax attributable to a partnership item, additions to tax, and interest for tax year 2007 expired before the FPAA was issued for that year.

Respondent argues that Mr. Gjelde, as managing member of both Summit SV Holdings and Meridian, had apparent authority to extend the period of limitations. Petitioner argues that the consent form does not extend the period of limitations because Meridian was not the proper TMP for tax year 2007 and therefore did not have authority to execute the Form 872-P. We sustain

**[\*10]** respondent's determination.  Mr. Gjelde, as managing member of Meridian, had apparent authority to execute the Form 872-P.

The expiration of the period of limitations on assessment is an affirmative defense, and the party raising it must specifically plead it and carry the burden of proving its applicability.  Rules 39, 142(a).  To establish this defense, the taxpayer must make a prima facie case establishing the filing of the partnership return, the expiration of the statutory period, and the mailing of the notice after the running of the period.  Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. 227, 240-241 (1990).  Where this showing is made, the burden of going forward with the evidence shifts to the Commissioner, who must introduce evidence to show that the bar of the statute is not applicable.  Id. at 241.  Where the Commissioner makes this showing, the burden of going forward then shifts back to the party pleading the affirmative defense to show that the alleged exception to the expiration of the period is ineffective or otherwise inapplicable.  Id.  However, the burden of proof never shifts from the party who pleads the bar of the statute of limitations.  Id.

Petitioner argues that Mr. Gjelde did not have authority to extend the period of limitations when he signed as managing member of Meridian because petitioner was the TMP for tax year 2007.  As a result, petitioner argues that the Form 872-P

**[\*11]** that he executed for tax year 2007 did not extend the period of limitations pursuant section 6229(b)(1)(B) and the FPAA is untimely and invalid.

Petitioner relies heavily on both Union Shipbuiding Co. v. Commissioner, 43 B.T.A. 1143 (1941), and Carnation Milk Prods. Co. v. Commissioner, 15 B.T.A. 556 (1929), to support its argument that Meridian had no authority to extend the period of limitations for Summit. In Union Shipbuilding Co., we found that the period of limitations was not properly extended when an officer of a dissolved corporation executed waivers after the three-year winding-up period. In Carnation Milk Prods. Co., we held that a transferee's execution of the consent form did not properly extend the period of limitations for the predecessor. We distinguish the facts here from those of both Union Shipbuilding Co. and Carnation Milk Prods. Co. on the ground that those cases address whether the successor entity had actual authority to extend the period of limitations.

Respondent argues that even if Mr. Gjelde did not have actual authority to sign the Form 872-P, he had apparent authority. Respondent contends that he reasonably believed that Mr. Gjelde, and Meridian, had authority to act on behalf of Summit. Respondent argues that this is evidenced by Mr. Gjelde's signature on the June 21 letter appealing Agent Battaglino's findings, his status as managing member of both Meridian and petitioner, and his signature in his personal capacity

**[\*12]** on Summit's Form 1065 for tax year 2007. We agree that Mr. Gjelde, and

Meridian, had apparent authority and respondent's reliance was not unreasonable.

Respondent cites Peking Inv. Fund, LLC v. Commissioner, T.C. Memo.

2013-288, and Inv. Eng'rs, Ltd. v. Commissioner, T.C. Memo.1994-255, aff'd

without published opinion sub nom. Montelius v. Commissioner, 145 F.3d 1339

(9th Cir. 1998), in support of the argument that Meridian had apparent authority to

extend the period of limitations. First, in Inv. Eng'rs, Ltd., we found that the sole

general partner, Mr. Curtis, had authority to execute the consents, and therefore to

delegate that power. Further, it was Messrs. Curtis' and Montelius' intent to shift

that authority, and with that authority, the power to execute the consents, to Mr.

Montelius. We determined that the written agreement authorized Mr. Montelius to

assume the general partner's powers regardless of whether the agreement properly

changed Mr. Montelius' status. We held that Mr. Montelius had the authority

required by section 6229(b).

In an unpublished opinion, the Court of Appeals for the Ninth Circuit

upheld our decision in Inv. Eng'rs, Ltd. In discussing Mr. Montelius' apparent

authority to act on behalf of the partnership as a general partner, the court stated:

> [T]he Partnership, through its agent Curtis, led Claus [the IRS agent]
> to believe that Montelius was an agent of the Partnership with the
> powers of general partner. Given the fact that Montelius was, in fact,

[*13] acting as general partner, Claus's reliance on Curtis's representations was not unreasonable. Because Montelius was an agent of the Partnership with ostensible authority to act as general partner, the broad grant of authority to general partners in the Partnership Agreement provided him with the necessary written authorization to sign consents under § 6229(b)(1)(B).

Montelius v. Commissioner, 145 F.3d 1339, 1998 WL 337955, at *2.

However, the Court of Appeals for the Fifth Circuit reversed our decision in Med. & Bus. Facilities, Ltd. v. Commissioner, T.C. Memo. 1994-38, rev'd, 60 F.3d 207 (5th Cir. 1995), finding reliance on the improper party's signature unavailing to establish apparent authority and noting that there was no written document in the record that would vest Mr. Brooks with authority as required by section 6229(b)(1)(B). Med. & Bus. Facilities, Ltd. v. Commissioner, 60 F.3d at 211-212. The Court of Appeals also stated, in regard to estoppel, that "[b]ecause any designation of a TMP would be filed with the IRS itself, the IRS cannot reasonably rely on the representations of a third party as to the identity of a TMP." Id. at 212.

We distinguish our facts from those of Med. Bus. Facilities, Ltd. on the ground that the purported TMP, Mr. Brooks, and the actual TMP, Mr. Stevens, were two different individuals. Mr. Gjelde was the proper individual to sign for both petitioner and Meridian. See Three G Trading Corp. v. Commissioner, T.C.

[*14] Memo. 1988-131 ("[T]he issue in <u>Carnation</u> was WHO signed, while in <u>Eversole</u> the issue was 'HOW (in what capacity)' it was signed. * * * The same distinction applies herein, since there is no question that Glass was authorized to sign on behalf of petitioner.").  Further, "'the use of the verbal auxiliary "may," rather than "shall," in the first sentence of section 301.6229(b)-1T, Temporary Proced. & Admin. Regs., * * * establishes that the procedures specified in the regulation [for drafting, executing, and filing a section 6229(b)(1)(B) authorization] are permissive and not mandatory'", and the partnership "may use another method to authorize a person to extend * * * [the period of limitations]." <u>Inv. Eng'rs, Ltd. v. Commissioner</u>, T.C. Memo. 1994-255 (quoting <u>Cambridge Research & Dev. Grp. v. Commissioner</u>, 97 T.C. 287, 295 (1991)).[3]  Lastly, in <u>Cascade P'ship v. Commissioner</u>, T.C. Memo. 1996-299, we noted that the venue for appeal was the Court of Appeals for the Ninth Circuit, which had not yet addressed the specific question regarding estoppel.  In this case, the appeal venue would seem to be the same, as Summit's principal place of business is in Washington State, and that Court of Appeals has addressed apparent authority in <u>Montelius</u> as discussed <u>supra</u>.  <u>See</u> sec. 7482(b)(1)(E).

---

[3]The final regulation, sec. 301.6229(b)-1, Proced. & Admin. Regs., which is effective for taxable years beginning on or after October 4, 2001 is identical, in all material respects, to the cited temporary regulation.  T.D. 8965, 2001-2 C.B. 344.

[*15] Further, in Peking Inv. Fund, LLC we held that although the appointment of participant as the successor TMP was invalid, the consent to extend the period of limitations was still valid because the appointment granted participant the authority to deal with the IRS, including the authority to extend the period of limitations, on behalf of the LLC.  We found that "[a]lthough both appointments [of Montelius in Inv. Eng'rs, Ltd. and participant in Peking Inv. Fund, LLC] may have been inefficacious to accomplish the stated purpose (i.e., designation of a TMP or creation of a general partner), both granted authority that was broad enough to permit the recipient to deal with the IRS on behalf of the partnership (or in this case, the LLC), including the authority to execute consents extending the period of limitations."  Peking Inv. Fund, LLC v. Commissioner, at *38.

We held in Amesbury Apartments, Ltd. that the representative named in the power of attorney satisfied the requirements of section 6229(b)(1)(B).  We further held that the general partner having the authority to do so may extend to an agent of the partnership authority to extend the section 6229(a) period with respect to all partners.  Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. at 242-243.  In Cambridge Research & Dev. Grp. v. Commissioner, 97 T.C. at 297, we stated that "[a]n implicit conclusion to be drawn from Amesbury Apartments, Ltd. is that the general partner there, although not the tax matters partner, had authority to

[*16] delegate the power to execute consents to extend the period of limitations on behalf of all partners."

Mr. Gjelde, as the managing partner of petitioner, the TMP of Summit, executed a Form 2848, granting Mr. Burgess the authority to represent Summit before the IRS as to Summit's matters for tax years 2006, 2007, and 2008. Accordingly, Mr. Burgess was an agent of Summit. He had the power of attorney for Summit for tax year 2007, designated through Form 2848. Further, he had the power to represent Summit in matters with the IRS, specifically the power to execute consents and extend the period of limitations on behalf of Summit granted by the Form 2848.

In both Inv. Eng'rs, Ltd. and Peking Inv. Fund, LLC there was a writing granting the signator authority that could be deemed to satisfy section 6229(b)(1)(B). However, it was not Mr. Burgess that signed the consent, but Mr. Gjelde, as the managing member of Meridian. There is no evidence of any such writing that would satisfy the requirements of section 6229(b)(1)(B), granting Mr. Gjelde, for Meridian, the actual authority to sign the Form 872-P. But Mr. Gjelde, for Meridian, did have apparent authority to sign it.

The law of the State of incorporation is controlling in deciding questions of actual authority, while the law of a State where a contract is made is controlling in

[*17] deciding questions of apparent authority.  Lee v. Jenkins Bros., 268 F.2d 357, 363-364 (2d Cir. 1959).  Under Washington law, "apparent authority exists where words or conduct by the principal are reasonably interpreted by a third party as conferring authority upon the agent."  State v. Bryant, 42 P.3d 1278, 1284 (Wash. 2002) (citing Restatement, Agency 3d, sec. 2.03 (2000)); see also Udall v. T.D. Escrow Servs., Inc., 154 P.3d 882, 888 (Wash. 2007) ("An agent has apparent authority when a third party reasonably believes the agent has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations.").

Mr. Gjelde signed the Form 872-P in his capacity as Managing Member, Meridian Equity, LLC, Tax Matters Partner.  Further, the Form 872-P was scanned and attached to an email to Agent Battaglino from Mr. Burgess, the representative for Summit, expressing the intention that the Form 872-P was to be signed and delivered to Agent Battaglino.  Summit, through its representative and agent Mr. Burgess, led Agent Battaglino to believe that Mr. Gjelde, as managing member of Meridian, had the power to execute such consents.  Further, petitioner admits that Mr. Gjelde was the correct natural person to sign, albeit in a different capacity. We find that respondent's reliance on the representations was not unreasonable.

[*18] We hold that the Form 872-P executed by Mr. Gjelde was effective to extend the period of limitations. Because respondent has presented a consent extending the period of limitations for assessing tax beyond the date of the FPAA and petitioner has not proved that consent ineffective, the FPAA was timely issued.

In reaching our holdings herein, we have considered all arguments made by the parties, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.